UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARY ARROYOS, | No. CV 06-6140 FFM |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying her claim for a period of disability, disability insurance benefits, and Supplemental Security Income under Title II and XVI of the Social Security Act. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. Pursuant to the case management order entered on September 28, 2006, the parties filed a Joint Stipulation detailing each party's arguments and authorities on May 22, 2007. The Court has reviewed the administrative record ("AR"), filed by defendant on April 17, 2007, and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is reversed and remanded for further proceedings.

///

///

///

## DISPUTED ISSUE

Plaintiff raises a single issue in this action:

1. Whether the ALJ properly considered Mary Arroyos' subjective symptom testimony?

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

Once a claimant produces objective medical evidence of an impairment or impairments which could reasonably be expected to produce some degree of symptoms, medical findings are not required to support their alleged severity. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). Further, if the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th

Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *Bunnell v. Sullivan*, 947 F.2d at 343; *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986).

Here, the medical evidence of record established that plaintiff suffered from an anxiety disorder NOS and a psychotic disorder NOS, and the ALJ expressly so found. (See AR 25). Thus, the record established that plaintiff suffered from impairments which reasonably could be expected to produce some degree of symptoms. Since the ALJ did not make an express finding of malingering and the Commissioner has failed to cite any affirmative evidence of malingering in the record, the issue before the Court is whether the reasons given by the ALJ for his adverse credibility determination satisfy the clear and convincing standard set forth above.

The following factors may be considered in weighing the claimant's credibility: (1) her reputation for truthfulness; (2) inconsistencies either in the plaintiff's testimony or between the plaintiff's testimony and her conduct; (3) her daily activities; (4) her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c). "General findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ must state which testimony is not credible and identify the evidence that undermines the plaintiff's complaints. *Id.* If properly supported, the ALJ's credibility determination is entitled to "great deference." *Green v. Heckler*, 803 F.2d 528, 532 (9th Cir. 1986).

The ALJ found claimant's allegations "not fully credible." Based on that finding, the ALJ did not reduce plaintiff's functional capacity below that established by the objective medical evidence alone. (AR 28)

///

///

///

The ALJ provided the following reasons for rejecting plaintiff's subjective

3

allegations:

> I find that the claimant is not wholly credible for a number of reasons. First, the claimant testified that she had gotten better since receiving treatment from Arcadia Mental Health Center. This assertion is supported by documentary evidence (Exhibit 6F, pp. 1-4). Second, the claimant made inconsistent statements regarding her symptoms and their effect on her activities of daily living, social functioning, and concentration, persistence and pace. For instance, even though the claimant complained that she could not concentrate, she reported that she reads the Bible in two hour increments (Exhibit 1F, p. 1). The claimant also acknowledged that she can take care of her personal needs, cook, and do chores around the house (Exhibit 2E, pp1-2).
>
> The claimant's son submitted a third party statement but answered numerous questions with "Don't Know" (Exhibit 3E). He did, however, corroborate the claimant's ability to read the Bible and care for herself, the house, and the cat.

(AR 28)

The first reason specified by the ALJ, that the plaintiff "had gotten better," fails to satisfy the clear and convincing standard. The plaintiff's testimony, in context, clearly was to the effect that she had noticed some improvement, not that her symptoms had disappeared.

The second reason specified by the ALJ, that plaintiff's activities of daily living were inconsistent with her statements regarding symptoms, also fails to satisfy the clear and convincing standard. The ALJ did not correlate how plaintiff's ability to take care of her personal needs, cook, and do chores around the house should cast doubt on plaintiff's testimony that fear and anxiety inhibited her from venturing outside her home.

Moreover, the ALJ failed to explain how the activities he cited evidenced an ability to perform appropriate work activities on a regular and continuing basis. *See* Social Security Ruling 98-6p (defining "regular and continuing basis" as meaning "8 hours a day, for 5 days a week"); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) (requiring finding to the effect that plaintiff's ability to perform daily activities translated into the ability to perform appropriate work activities on an ongoing and daily basis to support adverse credibility determination); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."); *see also Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987); *Vidal v. Harris*, 637 F.2d 710, 713 (9th Cir. 1981).

Although the ALJ mentioned the claimant's son's third party statement, the ALJ failed to address the numerous instances wherein the statement corroborated the plaintiff's allegations of her symptoms.

Accordingly, the Court finds that the ALJ failed to provide the requisite clear and convincing reasons for rejecting plaintiff's testimony regarding the severity of her symptoms and her attendant functional limitations.

For the foregoing reasons, the judgement of the Commissioner is reversed and the matter is remanded pursuant to sentence 4 of 42 U.S.C. § 405(g) for further proceedings.

IT IS SO ORDERED.

DATED:  February 20, 2008                    /S/ Frederick F. Mumm
                                             FREDERICK F. MUMM
                                             United States Magistrate Judge